IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02840-BNB

CORRI DITTIMUS, a/k/a DERRICK ANDERSON,

    Applicant,

v.

MICHAEL MILLER, Warden,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Corri Dittimus, also known as Derrick Anderson, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Dittimus was incarcerated at the Bent County Correctional Facility when he initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) claiming he is being forced to serve two periods of mandatory parole in violation of state law and his federal constitutional rights. On October 29, 2012, Mr. Dittimus submitted to the Court: (1) a copy of the habeas corpus application that was docketed as an amended application (ECF No. 7); and (2) a notice of change of address and motion to amend the caption (ECF No. 8), stating that he has been transferred to the Crowley County Correctional Facility and seeking leave to substitute the warden of that facility as the Respondent in this action. The motion to amend the caption will be granted.

    Also on October 29, 2012, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defenses

of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those defenses in this action. On November 19, 2012, Respondent filed a Preliminary Response (ECF No. 11) arguing that the action should be dismissed for failure to exhaust state remedies. On November 28, 2012, Mr. Dittimus filed Applicant's Reply to Preliminary Response (ECF No. 12). On November 30, 2012, Mr. Dittimus filed a supplement to his reply to the Preliminary Response (ECF No. 13).

The Court must construe the application and other papers filed by Mr. Dittimus liberally because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. See Hall, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Dittimus must exhaust state court remedies before he may pursue his federal constitutional claims in a habeas corpus action in this Court. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. See Castille v. Peoples, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. Picard

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondent argues that Mr. Dittimus has not exhausted state remedies for any of his claims because, although he has filed a state habeas corpus petition in the Bent County District Court, Mr. Dittimus has not fairly presented his claims to the state's highest court.  Mr. Dittimus counters that he has exhausted state remedies because the state court has refused to rule on the habeas corpus petition he filed in the Bent County District Court on or around August 16, 2012.  Mr. Dittimus also asserts that the Bent County District Court has not acknowledged or ruled on a motion he filed on or around September 27, 2012, inquiring about the status of his habeas corpus petition.  According to Mr. Dittimus, the state court's failure to rule on the petition and motion has resulted in inordinate delay and demonstrates there is no effective state remedy

available to protect his rights.

Inexcusable or inordinate delay in state court proceedings may make the state process ineffective to protect a habeas applicant's rights and excuse a failure to exhaust state remedies. *See Harris v. Champion*, 15 F.3d 1538, 1555 (10th Cir. 1994); *see also* 28 U.S.C. § 2254(b)(1)(B). However, the fact that the Bent County District Court has not ruled on a habeas corpus petition Mr. Dittimus allegedly filed on or around August 16, 2012, only two months before he filed the instant action, does not demonstrate that he has faced inexcusable or inordinate delay in pursuing his state court remedies or that there is no effective state remedy available. In the context of a direct criminal appeal, a delay must exceed two years to create a presumption that the state appellate process is ineffective. *See id.* at 1556. Although the facts in a particular case may justify excusing the exhaustion requirement when the delay is less than two years, *see id.*, Mr. Dittimus does not allege any facts that indicate the short delay he has experienced thus far even arguably could be considered inexcusable or inordinate.

Although the argument is not entirely clear, Mr. Dittimus apparently also contends in his supplement to the reply that the state has waived the defense of non-exhaustion by failing to respond to the claims he raised in the habeas corpus application filed in the Bent County District Court. This argument lacks merit because "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). In the instant action, counsel for Respondent has not waived the affirmative defense of exhaustion of state remedies. In fact, Respondent specifically raises that defense in the Preliminary Response.

The Court finds that Mr. Dittimus fails to demonstrate he has exhausted state remedies for his claims in this action. Therefore, the instant action will be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the motion to amend caption (ECF No. 8) is GRANTED. It is

FURTHER ORDERED that the habeas corpus application (ECF No. 1) and the amended application (ECF No. 7) are denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  13th  day of   December  , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court